UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MITCHUM MUNDAGERICK[1],

               Plaintiff,

v.                                 Case No. 3:05-cv-786-J-16HTS

JAMES V. CROSBY, etc.;
et al.,

               Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Mundagerick, an inmate who is currently housed at Florida State Prison and who is proceeding pro se, initiated this action by filing an "Emergency Nature Petition for Action and Relief" (Doc. #1) (hereinafter Complaint) on August 19, 2005. His allegations concern prison conditions. Specifically, he states that Officer Wentworth, a correctional officer at Florida State Prison, on August 14, 2005, wrote a false disciplinary report against Plaintiff as retaliation for Plaintiff's refusing his sexual advances.

Plaintiff attached, to the Complaint, a request for administrative remedy or appeal (dated August 14, 2005), which was sent to Governor Jeb Bush and the Secretary of the Florida

---

[1] This Court will refer to Plaintiff as "Mitchum Mundagerick." See http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections Inmate Population). It appears that Mr. Anthony L. Cooper, a prolific filer in this Court, has assisted Plaintiff Mundagerick in setting forth his claims. See Case No. 3:05-cv-746-J-16TEM. If Plaintiff chooses to refile after he has properly exhausted his claims in the prison's administrative grievance process, he shall confirm that his inmate legal assistant has properly set forth his claims and has correctly spelled his name. Plaintiff Mundagerick must sign the Complaint.

Department of Corrections. In the grievance, Plaintiff describes why Officer Wentworth allegedly wrote a false disciplinary report against him.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

> In Alexander v. Hawk, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."
>
> 159 F.3d at 1327 (quoting Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705 (11th Cir. 1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him.

Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000). Thus, in Brown, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain[.]" Id. at 1210.

Thus, because exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues

presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.

Here, Plaintiff has not completed the administrative grievance procedures. However, as stated in the Complaint, he has initiated the grievance procedures, but his grievance was submitted on August 14, 2005 (the same date that he wrote this Complaint for filing in this Court). Plaintiff did not give the Department of Corrections an opportunity to respond to the grievance. Additionally, while Plaintiff requests that this Court notify the officials about the incident, it is clear that the Department is on notice since he has initiated the grievance procedures.

Because Plaintiff has not completed the administrative exhaustion process, this case will be dismissed without prejudice to allow Plaintiff to await a response to his grievance. It is imperative that Plaintiff patiently await the response since such a response will assist this Court in resolving the issues presented in the Complaint.

In refiling, Plaintiff should submit copies of all of the grievances, appeals, and responses in order to comply with the instructions to the civil rights complaint form and must fully exhaust all available administrative grievance procedures.

It is also noteworthy that Plaintiff has failed to file an Affidavit of Indigency and has not paid the $250.00 filing fee in this case. The Clerk of the Court will be directed to send Plaintiff a civil rights complaint form since he did not utilize a

form. Further, Plaintiff's case should not have been filed without first exhausting his available administrative remedies. For this reason, this case will be dismissed without prejudice.[2]

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The **Clerk of Court** shall send a "Civil Rights Complaint Form" and an "Affidavit of Indigency" form to Plaintiff. If Plaintiff elects to refile his claims in a separate action after fully exhausting each claim against each Defendant, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of August, 2005.

_____
JOHN H. MOORE II
United States District Judge

sc 8/19

c:

Mitchum Mundagerick

---

[2] Plaintiff may resubmit his claims in a separate action in this Court after he has fully exhausted each claim against each Defendant through the grievance procedure available to him.